[No. 16983. Department Two. August 15, 1922.]

OLIVER LEISER et al., Appellants, v. PERRY F. BROWN et al., Respondents.[1]

WATERS (12)—APPROPRIATION—EFFECT AS AGAINST SUBSEQUENT RIPARIAN OWNERS. The prior appropriation and use of all the waters of a non-navigable stream by a settler upon the public domain confers a vested right superior to all subsequent riparian rights.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered November 1, 1921, dismissing an action to quiet title to water rights, upon plaintiffs refusing to amend the complaint. Reversed.

C. E. H. Maloy, for appellants.

L. B. Donley and Wentz & Bailey, for respondents.

MAIN, J.—The plaintiffs brought this action claiming title to all the waters of a non-navigable stream by appropriation, and sought to have that title quieted and the defendants, who were upper riparian owners, restrained from making use of the water of the stream. When the cause came on for trial, the court declined to permit the introduction of evidence, apparently believing that, since the plaintiffs were claiming by appropriation and the defendants were upper riparian owners, the action could not be maintained, even

[1]Reported in 208 Pac. 257.

though the appropriation had been made while the land now owned by the defendants was public land of the United States. The court suggested an amendment to the complaint, which plaintiffs declined to make and elected to stand upon the complaint as drawn. The result was a judgment of dismissal, and the plaintiffs appeal.

About the year 1870, one John Rickey made settlement upon a portion of the appellants' lands, as a homestead settler, and upon a portion thereof under the pre-emption entry. At that time, there flowed and now flows through the land a non-navigable stream, known as Rickey or Silver Creek. The land settled upon was dry and arid and, soon after the settlement was made, Rickey appropriated all the waters of the stream for irrigation, stock and domestic purposes, and the water has continued to be used since that time for these purposes. At the time the appropriation was made, the land now owned by the respondents was public land of the United States. Rickey subsequently acquired title to the land settled upon by him and the title of respondents is deraigned from this source. Subsequent to the time when the appropriation of the waters from the stream was made, the respondents acquired the lands above that upon which Rickey settled, and now claim as riparian owners.

There is but one question involved, and that is whether appellants' rights under the appropriation are superior to those of the respondents claiming as riparian proprietors. It must be continually kept in mind that, at the time the appropriation was made, the land now owned by the respondents was public land of the United States. In *Geddis v. Parrish,* 1 Wash. 587, 21 Pac. 314, it was held that, where one has appropriated the waters of a stream flowing across public lands,

one who acquires title from the United States to the lands higher up on the stream takes subject to prior appropriation and cannot, by obstructions upon his own land, divert the waters from the ditch of the prior appropriator. In *Longmire v. Smith,* 26 Wash. 439, 67 Pac. 246, 58 L. R. A. 308, upon the question, it was said:

"If the claim of prior appropriations and beneficial use of sufficient water from the Wenas river for the purpose of irrigating the respective parcels of land owned by him be established, then the plaintiff's right to the use of the water is superior to all other claims, whether founded upon appropriation or riparian ownership. The lands in the Wenas valley are generally arid, and require artificial irrigation to successfully produce ordinary agricultural crops. The right to appropriate water from the water courses on the public domain was founded upon the necessity and customs of settlers in the arid regions, and was authorized by the federal government, the owner of both the land and the water. It is an elementary principle of the law of appropriation of water for irrigation that the first appropriator is entitled to the quantity of water appropriated by him, to the exclusion of subsequent claimants by appropriation or riparian ownership."

The doctrine is again stated in *Avery v. Johnson,* 59 Wash. 332, 109 Pac. 1028. There are other decisions of this court that might be cited, but the rule seems definitely settled in this jurisdiction. If the upper riparian rights had vested prior to appropriation by the lower owner upon the stream, a different question would be presented.

The judgment will be reversed and the cause remanded with direction to proceed with the trial.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.